STEPHEN G. SPEAR, Appellant, v. J. W. COOK and
V. COOK, Respondents.

Right of Way to Flow Water—Grant Construed.—Where S. granted
to C. all the water in a certain creek, and the right to convey such
water over the land of S. to the land of C., and granted to C. the right
"to enter upon lot one (land of S.), and build, maintain, repair, and
keep up and in operation, all claims, ditches, pipes, aqueducts, or flumes
necessary and proper for the conveyance of said water to the premises of
said C.," such conveyance gives to C. the right to construct several
canals or courses for the water over said premises of S.   .

Idem.—By such conveyance, the grantee has the right to convey all the
water, and at different times and places.

Idem.—Such grantee may first construct a ditch and take part of the water,
and afterwards construct another ditch to convey the balance, or enlarge
the first ditch.

Idem.—Such grantee may also change his ditch when located, if such change
is necessary to enable him to convey the water in a convenient and rea-
sonable manner.

Idem—Right to Float Wood.—Such grantee may also float wood through
his ditch, provided he does not thereby injure the grantor.

APPEAL from Clatsop County.

This is an action for damages brought by appellant against
respondents for an alleged trespass claimed to have been
committed by them, in entering upon, and building a flume
across, certain lands of appellant, and in floating wood
through the flume, and thereby causing water to overflow,
and portions of said wood to be cast upon the lands of the
appellant.

Respondents deny that they were guilty of a trespass in
doing any act alleged in the complaint, but justify their acts
and doings in the premises under a claim of right by virtue
of the grant contained in a certain deed, executed by ap-
pellant to one of them, by which deed the appellant granted
to the respondent, James W. Cook, certain lots numbered
2 and 3, and also the water of the east fork of Spear's creek
and the right and privilege to divert said water from its
channel, and to convey it upon, over, and across said lots 2
and 3, and also to enter upon lot 1, the premises in ques-
tion, and build, and maintain, and repair, and keep in
operation all dams, ditches, pipes, aqueducts, or flumes,

necessary and proper for conveying said water to said premises so conveyed to J. W. Cook, one half of which grant has since passed to the respondent, V. Cook.

The appellant, replying to the matter thus set up, alleges that the deed in question does not specify the place or line upon which the flume should be constructed, and that soon after the execution of the deed, J. W. Cook, with the appellant's acquiescence, entered the premises of appellant and located and constructed a flume under the grant and used the same to convey the water of the east fork of Spear's creek, until 1877, when the respondents constructed on a different route the flume complained of, and that the new flume is not necessary or proper for the conveyance of the water in question to the respondent's premises.

The testimony offered on the trial tended to show that the route of said new flume varies from the route of the old flume in its passage through appellant's land, at distances varying from six to seventy feet, as shown on said plat or diagram; that the old flume was generally constructed on the ground or on low trestles not exceeding five feet in height at any place, and was six inches square and made of boards, leaving an inside measurement of four inches square, and covered; was on a good grade, and conveyed the water of said east fork of Spear's creek across appellant's land to the lands of respondents freely and rapidly; that its capacity was sufficient to convey the water during the dry season of the year, but during the heavy storms of winter was insufficient, and sometimes during the summer, owing to certain angles in its construction, was liable to become partially obstructed by frog spittle and sediment, and required clearing every few days; that it was practicable to construct on the site, or location and grade, of this flume, a larger one, of capacity sufficient to carry all the water of said east fork of Spear's creek; that the defendants and their employes made a common pathway of this old flume in 1873 and 1876, and by means thereof had put it out of grade and caused it to leak, and interfere with the free passage of the water therein.  That this flume nevertheless was used with the common acquiescence of both parties, for

the conveyance of water for three seasons, and the location thereof was acquiesced in and assented to by plaintiff. That in the latter part of the year 1876, the defendants intimated a purpose to construct another flume for the conveyance of said water over plaintiff's said land, but were forbidden by plaintiff, and fully informed that such a structure in any other place than upon the route of the old flume was against plaintiff's will. That defendants, nevertheless, in January 1877, against plaintiff's protest, proceeded to construct a second flume across plaintiff's land on a route varying from the route of the old flume from six to seventy feet, and the same was constructed on high trestles, and in some places nailed to plaintiff's trees; was eight to ten times the capacity of the first flume, and had along its sides, upon the trestles aforesaid, plank walks, upon which people could pass and repass. That said flume was thereupon used by defendants for the purpose, not only of conveying water, but also of floating wood from lands owned by the defendants above plaintiff's premises, to defendants' cannery, upon the premises sold to J. W. Cook by plaintiff in 1873. That said flume was still insufficient to carry all the water of the east fork of Spear's creek in time of flood. That during the winter and the months of March and April, defendants used said flume for floating cord wood every year after its construction until the commencement of this suit; and the same became often obstructed, and the water overflowed therefrom on to plaintiff's improved lands, washed his lands, caused slides, obstructed his pathway and roads, destroyed his trees, injured his garden crops and strawberry beds, which he had on his land below said flume. That said flume itself, irrespective of the water which issued from it, was an obstruction to plaintiff's enjoyment of his land far greater than the flume which had been constructed in 1873, on the first route, and rendered the defendants' easement more onerous to plaintiff, and that he was damaged thereby in a considerable sum. That to all these proceedings of defendants in constructing and operating said flume built in 1877, plaintiff has continually ob-

jected and protested. That the old first flume, constructed in 1873, still remains upon the plaintiff's premises.

The defendants, to establish the issues on their part, introduced in evidence plaintiff's deed of August 12, 1873, to J. W. Cook, and also introduced evidence tending to show that the flume constructed in 1873 was insufficient to convey the water of said creek to defendants' premises. That the same was too small in size, and was located along a very abrupt mountain side, and following around the points of the hills contained several sharp angles, which frequently filled with mud and sediment, and obstructed the flow of the water until cleaned out. That the line of the old flume was very crooked, and the flume insufficient in size, and because of its location, to convey the water at all seasons of the year. That the new flume is more nearly on a straight line, affords an easier flow to the water, and is also insufficient in size to convey all the water granted by plaintiff's said deed. That at the time when the new flume was constructed, the old flume had become rotten by decay in several places, so as to need rebuilding. That no damage was done to the trees, grass, or land of the plaintiff in constructing the new flume, and that no damage has since accrued to plaintiff in any particular therefrom. That the new flume is substantially upon the line of the old flume for the greater portion of its route, and the furthest departure therefrom is only about thirty feet at one point, and twelve to fifteen feet at another point.

That defendants had employed a force of men to tend their flume while floating wood therein, and the obstruction thereof, and the overflow therefrom, was accidental and temporary, and that plaintiff had not been injured in any respect thereby. That the water of which plaintiff complained, and which he alleged had injured his crops and improved land and fruit trees, arose from natural springs, and did not proceed from the flume. The jury also, under the direction of the court, and in charge of the sheriff, viewed the premises, and thereupon the cause was submitted to the jury; the court, of its own motion, delivering to them a general charge in words following:

1. By the deed in question the defendant had the right to construct, over and across plaintiff's land, all ditches, flumes, and aqueducts necessary to convey the water of the east fork of Spear's creek to his fishery. The deed does not define or limit the place in which the pipe is to be laid, nor the size and character of the flume, ditches, etc., except as the latter is defined by the stipulation that the ditches, flumes, etc., are to be of such size and character as is necessary to the conveyance of the water of the creek in question.

2. Under this deed, after Cook had once constructed his ditch or flume, and thus selected the place where he would exercise the easement granted, such easement could not be exercised in any other place. If he once exercised the right granted in a fixed and definite course, with the full acquiescence and consent of Spear, he can not change the course of his ditch, or the manner in which his right is to be exercised, at his will.

3. That this rule must be understood with the reasonable qualification that Cook, the grantee, is not necessarily confined to the precise location in all its parts which he has selected. It is enough if the location is substantially the same. If it followed substantially the same route, the fact that it deviates in places from the old line will not necessarily preclude the defendant from exercising his right upon the new line.

4. The rule which I have stated is the general rule. To this rule there is this exception, if the grantee of a right of way for flumes, ditches, etc., to convey or lead water, locates and constructs his flumes and ditches, and it turns out, from experiment made, that the flumes or ditches as located, will not, through mistake in the grade or location, answer the purpose, that it will not conduct the water to the intended place, then, in that case, the grantee may change the location and direction of his ditch or flume altogether. He is not allowed to do this as a matter of his own convenience, but is allowed to do it if it is a matter of necessity. If in this case, through mistake or bad engineering, Cook's ditch was so constructed that it would not

answer the purpose which the right secured in the deed was intended to effect, then, in that case, he has the right to construct a new ditch on a different grade, and in another location, keeping as close to the old location as the requirements of his ditch will permit.

5. The same rule applies so far as the size of the ditch complained of is concerned. The size of Cook's ditch is defined in the deed. It is to be large enough to convey certain water. He would have no right arbitrarily to enter upon plaintiff's land and construct new flumes without limit, because the old ones were not large enough to convey all the water provided for in the deed. And yet, if through mistake he so constructed his first ditch that upon experiment it was found not to be large enough to answer the purpose, he will not be precluded from constructing a new flume or ditch of sufficient capacity.

6. You will therefore determine whether the new ditch substantially follows the course of the old one. If you find that it does not, you will determine whether the changes made in the location are necessary to avoid defects in the old ditch, which prevented the old ditch from answering the purpose for which it was intended.

7. If you find that the new ditch does not substantially follow the line of the first location, and that the change was not necessary, then you will determine how much the plaintiff is damaged by the new location.

8. If you find either that the new location substantially follows the old one, or that it is necessary that it should deviate on account of the bad location of the old ditch, then plaintiff is not entitled to recover, although the new ditch is larger than the old one, unless the new ditch has been so constructed as to unnecessarily damage plaintiff's land, or the size of the ditch is greater than is necessary to convey the water of Spear's creek, and such increased size has the effect to damage plaintiff.

9. If you find that plaintiff is entitled to recover, then you must find for him in such damages as he has actually sustained. The actual injury to his land, to his orchards, or timber, or pastures, or garden, etc. You are not to find

speculative damages—that is to say, what the value of trees killed, or of a garden destroyed, if such there has been, would be proper to be considered; yet the expected profits from the sale of the products of the orchard or garden can not be considered by you; such damages are too remote and uncertain to afford a safe guide in estimating injuries of the kind alleged in this case.

The appellant requested the court to give the following instructions:

"1. If the jury believe from the evidence that the defendants, immediately after the execution of the deed by Spear to J. W. Cook (described in the pleadings), proceeded, with the acquiescence of Spear, to locate and construct a flume for the purpose of conveying the water of the east fork of Spear's creek across plaintiff's premises, and that such location was used and the water so conveyed for three years, and that the grade of that flume was sufficient to pass the water, then Cook had no right to change the location without Spear's consent, and the change of location in 1877, if against the will of Spear, was unlawful, and the plaintiff is entitled to recover."

When the court gave, but added thereto an oral qualification referring to instructions already given, and in substance saying to the jury, that if by experiment the old flume, by reason of its location or form of construction, was found to be defective, and that a larger and different structure and a more direct route were necessary to convey all the water of the east fork of Spear's creek, then the new flume was lawful.

"2. If the jury believe from the evidence that the old flume failed to carry the water required, by reason of its form and size, and not by reason of its mistaken grade, and that the new location in 1877 was taken and the new flume built, mainly because of its being a route more convenient for Cook and cheaper than the old route, they should find for the plaintiff."

Which the court refused.

"3. If the jury believe from the evidence that the right of way for conveying the water, though granted by the deed

in general terms, without fixed and defined limits, was im-
mediately exercised by Cook on a route selected by him
and assented to by Spear, and that such route was used for
three years, from 1873 to 1877, with like assent, then the
jury should hold and find that such selection and use oper-
ated as an assignment of Cook's right, and must be deemed
to be the route intended to be conveyed by the deed, and
the same in legal effect as if it had been fully described in
the deed, and any change of route by Cook without Spear's
consent, is unlawful, and entitled Spear to a verdict for
such damages as he has sustained and proven."

And the court refused to give said instructions simply as
asked, but gave the same with a modification or qualifica-
tion referring to instructions contained in the general
charge, and in the instructions before given, and in effect
said verbally to the jury that if the old flume, by reason of
its shape, angles, and mode of construction and location, did
not prove sufficient to carry the water of the creek, and a
new route and a new flume were necessary for that purpose,
then the defendants had the right to make the change.

"4. The question to be determined in this case is not the
right to make a larger or differently shaped flume than was
built in 1873, but the right to change the location and
route. Cook had by his deed a right to convey the water
of the east fork of Spear's creek across plaintiff's land, and
having selected his route or location, he might there build
a flume sufficient for that purpose; but if he selected a
route and used it for three years with the acquiescence of
Spear, he had no right to change it to another and different
location, nor had he any right to make use of his easement
more onerous to Spear than it was or would be on the line
of the first location."

The court refused to give said instructions simply as
asked, but gave it with a qualification or modification, re-
ferring to former instructions given, and in effect said to the
jury that if the old location was a bad one and the water
would not pass freely by that route, and the old flume was
found to be insufficient for the purposes of the grant, then

the defendants had the right to make a different structure, and in a place more suitable for the object intended.

"The grant by Spear to Cook was simply a grant of a right of way, and the right to construct a passage to convey water, and any use of the easement for transportation of wood was in excess of the grant, and any change of route or of the form of the flume, not necessary for the mere convey-ance of water, was unlawful, and subjected Cook to the action for damages."

And the court refused to so instruct the jury, but gave such instructions with the additions in effect as follows: "That Cook had a right to construct a flume that would carry all the water of the creek, and if the water conveyed was sufficient to carry wood, then Cook had the right to use his flume and the water therein to convey wood, provided he did not thereby injure plaintiff.

*Shattuck & Killin, and O. F. Bell,* for appellant:

The right of way for conveying the water, granted in gen-eral terms, without a specific location in the deed, became fixed and defined, when Cook exercised the right by select-ing a route and building the flume thereon in 1873, with Spear's assent, and using it for three years with like assent; and that such selection and use operated as an assignment of Cook's right, and must be deemed to be the route in-tended by the parties to be conveyed by the deed, and the same in legal effect as if it had been fully described in the deed, and any change from that route without Spear's con-sent is unlawful, and entitles Spear to a recovery for such damages as he proved, which is the purport of instruction 3, asked by plaintiff. (2 Allen, 128.)

A right of way, whether for travel or conveying water, granted without any designation of the place in the deed, becomes located by usage, and being so located it can not afterwards be changed by the grantee. (Same case, and 12 Johns. 221; 3 Mas. 272; 11 Gray, 426, 427; Angel on Watercourses, 557, 558; 71 N. Y. 196; Wash. on Easem. 225; 1 Pick. 486.) The only exception to this general rule is when the first location is upon an insufficient or mistaken

grade, so that no benefit accrues to the grantee. (Wash. on Easem., 55, subd. 20; 4 Vt. R. 199; 49 Barb. 646.)

*Dolph, Bronaugh, Dolph & Simon,* for respondents:

If the grant had been of the right to construct " a flume," or " an aqueduct" necessary and proper to carry the water of said creek, and one such conduit had been laid which by experience was found to be too small, and to be upon such a grade, and to contain so many sharp angles, as to render it incapable of containing and conveying the water of the creek, respondents would even in that case have had the right to alter the size, grade, shape, and location of the flume, so as to enable them to receive and enjoy the benefits granted to them, particularly if they adhered substantially to the route of the old flume, and made only such alterations in size and grade as were essential to the given purpose. And yet the rights of respondents were, by the instructions, virtually limited to the same extent, under the terms of this far more comprehensive conveyance. Grants of this nature are construed as having reference rather to the quantity of water to be taken and used, than to the purpose for which it shall or may be applied; and in these cases, as in others, the rule prevails that the terms of the conveyance are to be construed most favorably for the grantee. (3 Pars. on Cont. 533, 534; Wash. on Easem. 349, 350; *Cromwell* v. *Selden,* 3 Comst. 255–60; *Olmsted* v. *Loomis,* 9 N. Y. 426, 427; *Beals* v. *Stewart,* 6 Lansing, 408; *Van Rensellaer* v. *Alb. R. R. Co.* 1 Hun. (N. Y.) 507; *Borst* v. *Empie,* 5 N. Y. 33.)

If the respondents had the right, under the grant to them, to enter upon the premises of appellant and there construct the new flume, as a necessary and proper conduit of the water of the creek, they can not be converted into trespassers for floating wood down their own flume, even though appellant was thereby damaged. The remedy would be by special action on the case. Beside which, the attempt to introduce this new feature into the case by the reply, was a clear departure from the cause of action stated in the complaint, and that portion of the reply should therefore have been stricken out as irrelevant. (11 How. Pr. 36; 4 Wend.

643; 2 Cai. 320; 3 Johns. 367; 5 Duer, 660; 13 How. Pr.
97; 46 Vt. 29; 1 Hill on Torts, 106, 107; *Adams* v. *Rivers*, 11
Barb. 390; *Allen* v. *Crofoot*, 5 Wend. 506; *Six Carpenters'*
*Case*, 1 Sm. Lead. Cas. 216; *Van Bruett* v. *Schenck*, 13 Johns.
414; *Hunnewell* v. *Hobart*, 42 Me. 565; *Dingly* v. *Buffum*,
57 Maine 379.)

By the Court, BOISE, J.:

The defendants justify the trespass complained of under
a grant from the plaintiff of an easement or right to use the
premises which are the subject of the alleged trespass, for
the purpose of conveying the water over the same. It ap-
pears from the allegations of the answer, that the plaintiff,
in August, 1873, conveyed to J. W. Cook, defendant (and
grantor of V. Cook), a parcel of land in lots 2 and 3 in sec-
tion 5; and further, a grant of the water of the east fork of
Spear creek, and the right and privilege to divert said water
from its natural channel, and convey it upon and across said
lots 2 and 3, conveyed to said Cook; and also to enter upon
lot 1 in section 6 (plaintiff's), and build, maintain, and re-
pair, and keep up and in operation, all dams, ditches, pipes,
aqueducts, or flumes necessary and proper for the convey-
ance of said water to the premises of said Cook. The rights
of the parties in this case must depend on the construction
of this instrument.

1. The defendnat, by this instrument, became the owner
of all the water of the east fork of Spear creek.

2. The deed gives them the right to convey the same over
said lot 1 to lots 2 and 3, but is silent as to the location of
the part or parts of said lots to which the water may be con-
veyed.

The grant is that the defendants may enter on lot 1 and
construct and maintain all dams, ditches, pipes, aqueducts,
or flumes necessary and proper for such conveyance. This
grant is very broad, and gives the defendants the right to
take the water over said lot 1 in several channels or courses,
if such should be necessary, in order that they may use it
for several distinct purposes on said lots 2 and 3; that is,
defendants may use it to supply a cannery on one portion

of said lots, and run one or more mills on other portions. Such is the natural and obvious meaning of the language used, and the instrument is to be construed strictly towards the grantor and to effectuate the object of the grant. (3 Pars. on Cont. 533, 534.) The deed grants the water to defendants to be used on lots 2 and 3, and as the use to which the water is to be applied is not named, the presumption is that it can be used for any purpose the defendants may desire, and at such time in the future as may suit their convenience.

The defendants purchased and owned all the water of Spear creek, and the right to convey it over lot 1 in one or more channels. Suppose in 1873 defendants wished to divert a part of this water to their cannery, and constructed a flume for that purpose, which was sufficient to convey only a part of said water, the whole not being needed for that establishment, they did not thereby lose their right to take the balance of said water when they should need it, either for their cannery or for any other purpose. The purchase was of all the water and the right to convey it over said lot, and the defendants can not be supposed to have located their easement on said lot 1 until they have established channels sufficient to convey the water. If the defendants had constructed one or more passages for the water, which were sufficient for the purpose of conveying it, and had established the location of its entire use, then they might be deemed to have located their easement on this lot, and fixed its limits. But whether or not they had done this, it being a matter in parol, would be a question of fact to be established by evidence. Such being, as we think, the proper construction of this conveyance, we will consider the questions presented by the bill of exceptions, being objections taken to portions of the instruction given by the court to the jury in the trial of this case in the circuit court.

It is claimed that the court erred in instructing the jury that Cook, in constructing his new flume, was "not necessarily confined to the precise location of the old flume in all its parts." It is enough, says the court, "if the location is

substantially the same. If it followed substantially the same route, the fact that it deviates in places from the old line will not necessarily preclude the defendant from exercising his right upon the new line." We think this instruction was proper, for it might be necessary to deviate in order to avoid defects which so far impaired the easement as to render it valueless; and the question whether it did substantially follow the old line was a matter for the jury, and a necessary deviation by the defendant would not be a violation of his easement, provided he had already located and used a definite line.

The next error claimed is to the following instruction: "If, through mistake, he (Cook) so constructed his first ditch that upon experiment it was found not to be large enough to answer the purpose, he will not be precluded from constructing a new flume or ditch of sufficient capacity." We think this construction is correct, for the reasons stated above, because Cook owned all the water, and had a right to a ditch of sufficient capacity to bring it; otherwise, his grant would be in part defeated.

What we have said in reference to the plaintiff's objections to instructions numbers three and five is sufficient to dispose of the objections to instructions six and eight, which involve the same questions. The foregoing are objections made by the plaintiff to the general charge of the court.

The court then gave certain instructions asked for the respondents, which appear in the foregoing statement of the case, to all of which instructions the plaintiff excepted. We think all these instructions correct, and they are in accordance with the views heretofore expressed, which we have already said in construing the conveyance by which respondents claim, and it will not be necessary to repeat these views here, or further consider the questions presented by these instructions.

The plaintiff then asked certain instructions, which were given with certain modifications, which modifications were excepted to. These instructions and modifications are also set out in the foregoing statement of the case. These instructions, except the last, number five, raise no questions differing

materially from those already discussed, and need no further notice. Instruction number five is as follows: "The grant by Spear to Cook was simply a grant of a right of way and the right to construct a passage to convey water, and any use of the easement for the transportation of wood, was in excess of the grant; and any change of route, or of the form of the flume, not necessary for the mere conveyance of water, was unlawful, and subjected Cook to the action for damages."

The court refused to so instruct the jury, and gave such instructions with the addition in effect as follows: That Cook had a right to construct a flume that would carry all the water of the creek, and if the water conveyed was sufficient to carry wood, then Cook had the right to use his flume and water therein to convey wood, provided he did not thereby injure the plaintiff.

All the questions presented by the several propositions contained in this instruction, except the right of the respondent to float wood in their flume, have been sufficiently noticed in what we have already said in defining the rights of the respondents under the conveyance by which they justify. The court simply said to the jury that the respondents had a right to float wood in the water conveyed, if they did not thereby injure the plaintiff.

The object of the instruction asked was to have the court say to the jury that the floating of the wood was unlawful, and that the doing of this unlawful act was a trespass, and would entitle plaintiff to nominal damages without the proof of any actual injury. We think the flume and the water was the property of the respondents, and that they might use them in any manner they pleased, if they did not thereby injure the plaintiff, and were only responsible to the plaintiff for actual damages caused to plaintiff by such use, and the question of actual damages caused by floating the wood, was properly left to the jury.

We think there were no substantial errors in the instructions of the circuit court, and the judgment will be affirmed.